■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHARON BRADY, Also Known as BARBARA STEWART, Appellant. — Appeal by defendant, as limited by her motion, from a sentence of the County Court, Suffolk County, imposed June 11, 1979. Sentence affirmed. No opinion. This case is remitted to the County Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (subd 5). Mangano, J.P., Gibbons, Rabin and Cohalan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LORRAINE CHIRICO, Respondent. — Appeal by the People from so much of an order of the Supreme Court, Kings County, entered January 15, 1980, as, after a hearing, granted defendant's motion to dismiss the indictment to the extent of dismissing all but the fifth and- ninth counts. Order reversed insofar as appealed from, on the law, motion to dismiss the indictment denied in its entirety and the dismissed counts are reinstated. The record reveals that after considerable negotiations and delay, a misdemeanor complaint was brought against the defendant, with the expectation that the matter would be disposed of by a plea agreement. When negotiations between the prosecutor and the defendant failed, the prosecutor obtained the instant indictment against the defendant charging her with various felonies and misdemeanors. We agree with the trial court's finding that no actual plea agreement was reached by the prosecutor and the defendant. We disagree, however, with the court's conclusion that an "implied" agreement between the parties requires dismissal of the felony charges. It is true that, prior to indictment, the defendant could have attempted to plead guilty to the misdemeanor charges without the consent of the District Attorney. Before such a plea was entered, however, the prosecutor could have obtained an adjournment of the proceedings in order to seek an indictment, including felony charges, from the Grand Jury (see CPL 170.20, subd 2). In the circumstances, the indictment which was eventually obtained was entirely proper, and both the felony and misdemeanor counts of the indictment should be permitted to stand. Lazer, J.P., Rabin, Gulotta and Cohalan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARNEY FERRANTE, Appellant. — Judgment of the County Court, Nassau County, rendered June 15, 1979, and, upon appeal by permission, order of the same court dated May 29, 1980, affirmed. No opinion. This case is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (subd 5). Hopkins, J.P., Damiani, Lazer and Thompson, JJ., concur.